J-A29039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES MANGAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAFE AUTO INSURANCE COMPANY, | : | |
| | : | |
| Appellant | : | No. 1991 WDA 2014 |

Appeal from the Judgment November 26, 2014
in the Court of Common Pleas of Allegheny County,
Civil Division, No. AR 14-002796

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 23, 2015**

Safe Auto Insurance Company ("Safe Auto") appeals from the Judgment entered against it, and in favor of James Mangan ("Mangan"), for $35,000. We affirm, but modify the verdict to $25,000.

On May 29, 2014, Mangan's vehicle was involved in a traffic accident, and incurred significant damage. At the time of the accident, Mangan had an existing auto insurance policy with Safe Auto, which included collision coverage. After informing Safe Auto of the accident, Mangan took the vehicle to the dealership from which he purchased it for repairs, which totaled $10,100.26. Safe Auto, however, refused to pay for the repairs. Because of this, Mangan's repaired vehicle remained in the body shop for over two months, until Mangan's mother used her personal funds to pay for the repairs.

In July 2014, Mangan filed a Complaint against Safe Auto, in the Arbitration Division of the Allegheny County Court of Common Pleas, alleging breach of contract, and bad faith refusal to pay Mangan's claim. In August 2014, Safe Auto filed an Answer and New Matter, asserting that it was not required to cover the damage to the vehicle under the terms of Mangan's policy with Safe Auto. Safe Auto was represented by Jeffrey C. Catanzarite, Esquire (hereinafter "defense counsel").

On the day the Complaint was filed, an arbitration hearing was scheduled for September 29, 2014. Because neither defense counsel nor a representative for Safe Auto appeared at the scheduled hearing time, the trial court held an *ex parte* trial, on the same day, pursuant to its authority

J-A29039-15

under Pa.R.C.P. 1303,[1] and Allegheny County Local Rule 1303(a)(2)(1).[2]

After hearing argument from Mangan's counsel, and testimony from

---

[1] Rule 1303 provides as follows:

(a)(1) The procedure for fixing the date, time and place of hearing before a board of arbitrators shall be prescribed by local rule, provided that not less than thirty days' notice in writing shall be given to the parties or their attorneys of record.

(2) The local rule may provide that the written notice required by subdivision (a)(1) include the following statement:

"This matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge."

(b) When the board is convened for hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court

(1) orders a continuance, or

(2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.

Note: It is within the discretion of the court whether it should hear the matter or whether the matter should proceed in arbitration. …

Pa.R.C.P. 1303 (some notes omitted).  In the instant case, Mangan's Complaint contained the written notice required by subsection (a)(2).

[2] *See* PA Allegheny Cty. LR 1303(A)(2)(1) (providing that "[i]f a party fails to appear for a scheduled arbitration hearing, the matter may, if all present parties agree, be transferred immediately to a Judge of the Court of Common Pleas for an *ex parte* hearing on the merits and entry of a non-jury verdict, from which there shall be no right to a trial *de novo* on appeal.").

- 3 -

Mangan, the trial court entered a verdict against Safe Auto for $35,000, which included over $24,000 in bad faith damages.

A few days after the entry of the verdict, Safe Auto filed a Motion for post-trial relief. Safe Auto asserted that the trial court should vacate the verdict, and schedule the case for a new arbitration hearing, because there was no evidence presented that defense counsel's failure to appear was intentional, and defense counsel was not adequately notified concerning the time of the arbitration hearing. Safe Auto additionally claimed that the trial court erred by failing to (1) consider any lesser sanctions than imposing an *ex parte* verdict; and (2) limit the non-jury award to $25,000, in violation of Allegheny County Local Rule 1303(a)(2).[3]

By an Order dated November 25, 2014, the trial court denied Safe Auto's post-trial Motion, without a hearing, and directed the prothonotary to enter a judgment in favor of Mangan for $35,000. The prothonotary entered Judgment the next day. Safe Auto then filed a timely Notice of Appeal. The trial court ordered Safe Auto to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it timely complied. The trial court issued a Pa.R.A.P. 1925(a) Opinion.

On appeal, Safe Auto presents the following questions for our review:

> 1. Whether the trial court erred in entering a non-jury
>    verdict against [Safe Auto], where [defense] counsel

---

[3] **See** PA Allegheny Cty. LR 1303(A)(2)(2) (providing that "[a] non-jury verdict entered at a hearing held pursuant to Local Rule 1303(a)(2)(1) shall not exceed $25,000 (exclusive of interest and costs) to any party.").

- 4 -

failed to appear at an arbitration hearing, without considering[:] whether [defense] counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse[;] whether the failure to appear was inadvertent[;] whether any prejudice was caused by the delay[;] and whether the [trial] court gave any consideration to lesser sanctions, even though defense counsel had entered an appearance, filed an Answer, and otherwise manifested his intent to defend the case[?]

2. Whether the [trial] court [] erred in failing to vacate the verdict and remand[] the case for a new hearing on the basis of fundamental fairness and to promote the interest of justice[?]

3. Whether the [trial] court [] erred in failing to vacate the verdict and remand the case for a new hearing[,] as the court had no basis for an award of damages under 42 Pa.C.S. § 8371[?]

Brief for Appellant at 4 (issues renumbered for ease of disposition) (some capitalization omitted).[4]

This Court's standard and scope of review in an appeal from a non-jury verdict is as follows:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect

---

[4] Initially, we observe that at the end of its Argument section, Safe Auto appears to raise a fourth "issue," asserting that one of the cases that Mangan relies upon in his appellate brief is inapplicable. **See** Brief for Appellant at 15. However, Safe Auto did not set forth this claim in either its Rule 1925(b) Concise Statement or in the Statement of Questions Presented section of its brief. Accordingly, it is waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived."); **see also** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

**J.J. DeLuca Co. v. Toll Naval Assocs.**, 56 A.3d 402, 410 (Pa. Super. 2012) (citation omitted). Additionally, "[w]e will respect a trial court's findings with regard to the credibility and weight of the evidence unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence." **Id.** (citation omitted).

We will address Safe Auto's first two issues together, as they are related. In its first issue, Safe Auto argues that the trial court erred by "fail[ing] to consider the factors enumerated by the appellate courts to be used to determine whether an action should be dismissed for failure to appear[.]" Brief for Appellant at 8. Safe Auto relies primarily upon the decision of our Commonwealth Court in **Williams v. Sch. Dist. of Philadelphia**, 870 A.2d 414 (Pa. Cmwlth. 2005)[5] (where neither the defendant nor its counsel attended a scheduled arbitration hearing, and the trial court conducted an *ex parte* trial and entered a verdict against the defendant, holding that the trial court erred and should have considered the following factors: "(1) whether counsel's failure to appear was part of a

---

[5] Although decisions by the Commonwealth Court are not binding on this Court, they may be persuasive. **See, e.g., Citizens' Ambulance Serv. Inc. v. Gateway Health Plan**, 806 A.2d 443, 447 n.3 (Pa. Super. 2002).

pattern of improper behavior, misconduct or abuse; (2) whether the failure to appear was inadvertent; (3) whether the court attempted to contact counsel; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the court gave any consideration to lesser sanctions."). In the instant case, Safe Auto asserts that the trial court improperly failed to consider the **Williams** factors. Brief for Appellant at 9-11. According to Safe Auto, all of these factors weigh in favor of a determination that the trial court's *ex parte* verdict was improper, for the following reasons:

> There is no evidence in the case at bar that defense counsel's failure to appear was intentional. … There is absolutely no evidence that [] defense counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse. Defense counsel is an upstanding member of the [Pennsylvania] Bar[,] and has never missed an arbitration hearing date in his eighteen [] years of practice[.] … The evidence in this case certainly shows that the failure of defense counsel to appear for the arbitration hearing was "inadvertent." …[D]efense counsel simply failed to enter the arbitration date on his calendar, due in part to the failure of the pleadings to conform to the Pennsylvania Rules of Civil Procedure and provide proper notice of the arbitration hearing. There was no attempt on the part of [Mangan's counsel] or the [trial] court to contact [defense] counsel. … [Mangan] would not have been prejudiced by the delay in either allowing defense counsel to attend the [arbitration] hearing after a simple telephone call[,] or even a continuance of the arbitration hearing to another date. … Lastly, there is no evidence that th[e trial] court gave any consideration to any lesser sanctions ….

Brief for Appellant at 9-10 (paragraph breaks and some capitalization omitted).

In its second issue, Safe Auto argues that "[t]he verdict should be vacated on the basis of fundamental fairness and to promote the interest of

justice[,] as the failure of [defense counsel] to appear for the [arbitration h]earing was due to a misunderstanding and/or lack of proper notice[,] and was in no way designed to cause [Mangan] … or [the trial c]ourt any inconvenience." ***Id.*** at 13; ***see also id.*** at 14 (citing ***Budget Laundry Co. v. Munter***, 298 A.2d 55, 58 (Pa. 1972) (stating that "[i]ndividual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts.")).

In its Pa.R.A.P. 1925(a) Opinion, the trial court thoroughly addressed Safe Auto's claims, and determined that the court properly denied Safe Auto's request that the verdict be vacated, as defense counsel did not offer a satisfactory excuse for his failure to appear. ***See*** Trial Court Opinion, 2/24/15, at 4-8; ***see also id.*** at 1 (stating that "[defense] counsel['s] … excuses for his failure to put the arbitration hearing date in his calendar[,] and his failure to appear …, accepted as true, were not the sort that would have misled any attorney, especially an experienced attorney such as [d]efen[se] counsel."); ***see also id.*** at 9-10 (conclusion section). Our review discloses that the trial court's cogent analysis is supported by the law and the record, and we discern no abuse of discretion by the court.

- 8 -

Accordingly, we affirm based the trial court's Opinion with regard to Safe Auto's first two issues. **See id.** at 1, 4-8, 9-10.[6]

In its third issue, Safe Auto urges us to vacate the non-jury verdict and remand for a new trial, arguing that the trial court had no basis for awarding bad faith damages. **See** Brief for Appellant at 12-13. According to Safe Auto, there was no "clear and convincing" evidence of its bad faith. **Id.** at 12 (citing **Terletsky v. Prudential Prop. & Cas. Ins. Co.**, 649 A.2d 680, 688 (Pa. Super. 1994) (stating that "[f]or purposes of an action against an insurer for failure to pay a claim, [bad faith] imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will," and that "bad faith must be proven by clear and convincing evidence" (citation omitted)); **see also** Brief for Appellant at 12-13 (stating that Safe Auto, "in its Answer and New Matter to [Mangan's] Complaint, set forth specific defenses to [Mangan's] claims and provided the specific reasons why the claim of [Mangan] was denied."). Moreover, Safe Auto argues that "the [trial c]ourt did not take any testimony at the time of the one[-]minute non-jury trial to support any award of punitive damages pursuant to 42 Pa.C.S.A. § 8371" (the statute governing

---

[6] As an addendum, we observe that Safe Auto's reliance upon **Williams** is misplaced, as that case is readily distinguishable. **See Williams**, 870 A.2d at 415, 417 (holding that defense counsel *did* offer a satisfactory excuse for missing the arbitration hearing where she (1) was hospitalized several times due to complications with her pregnancy; and (2) did not receive notice of the time of the scheduled hearing).

damages that a trial court may award where it finds that an insurer has acted in bad faith toward the insured). Brief for Appellant at 13.

In its Opinion, the trial court addressed Safe Auto's claim as follows:

As for the contention that the evidence doesn't support the verdict, especially as to bad faith damages, … the non-jury trial held … pursuant to Pa.R.C.P. 1303 is of record in an 8-page [t]ranscript. [Safe Auto] contends that the trial was only one[-] minute long, apparently because the time noted in the transcript at the start of the trial is the same noted eight pages later at the end, 10:45 a.m. [The trial court] cannot account for the time notations[,] but [the court] highly doubts that all present spoke fast enough to produce eight pages in one minute.

The transcript reveals clear and convincing evidence of [Safe Auto's] bad faith conduct regarding [Mangan's] insurance claim. [Mangan] met his burden. It must be kept in mind that the evidence was uncontroverted[,] and was found by the [trial court], as fact finder, to be credible and compelling. [The trial court was] impressed not only by [Mangan's counsel's] summary of [Safe Auto's] conduct[,] but also by [Mangan's] demeanor and statements during and after the summary. No one needs the kind of aggravation [that Safe Auto] put [Mangan] through.

Trial Court Opinion, 2/24/15, at 9. We agree with the trial court's rationale, which is supported by the record, and affirm on this basis in concluding that the trial court properly exercised its discretion in imposing bad faith damages. *See id.*; *see also J.J. DeLuca Co., supra* (stating that this Court must respect a trial court's findings with regard to the credibility and weight of the evidence).

Finally, we observe that the trial court conceded that it incorrectly failed to limit the non-jury award to $25,000 pursuant to Local Rule 1303(a)(2). *See* Trial Court Opinion, 2/24/15, at 8; *see also* PA Allegheny

Cty. LR 1303(A)(2)(2), **supra**; **see also** Brief for Appellant at 6 n.1. We agree, and therefore direct that the trial court prothonotary modify the $35,000 verdict in favor of Mangan to $25,000.[7]

Judgment affirmed as modified. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2015

---

[7] Mangan does not challenge the modification of the verdict. **See** Brief for Appellee at 2.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION

JAMES MANGAN,            )
                              )
        Plaintiff,        )     No. AR-14-002796
                              )
                              )
        vs.                )
                              )
SAFE AUTO INSURANCE     )
COMPANY,              )
                              )
        Defendant.     )

OPINION

Defendant has appealed from the entry of judgment against it after its Motion for Post-Trial Relief was denied. A non-jury verdict was entered against Defendant, who had failed to appear at the scheduled arbitration hearing. On appeal, Defendant's counsel gives two excuses for his failure to put the arbitration hearing date in his calendar and his failure to appear: (1) he blames Plaintiff and (2) he blames the Court. We concluded that his blame was misplaced and that the mistakes, accepted as true, were not the sort that would have misled any attorney, especially an experienced attorney such as Defendant's counsel. We also found that the Defendant's Motion and its 1925(b) Statement make out its counsel's own negligence, for which the two proffered excuses are unsatisfactory.

1

The supposedly critical error by the Court, according to Defendant's counsel, is that the date stamp placed on his copy of the Complaint in Arbitration showed only the hearing date and the portion indicating that the stamped date *was* the hearing date was missing or illegible.[1] The error by Plaintiff consisted of some typographical errors in the mandatory Hearing Notice that informs defendants of the significance of there being a complaint filed against them, the need to file an Answer and their duty to appear at the scheduled Arbitration hearing. We assumed that both those facts were correct. However, alone or together, we concluded that they did not constitute a valid excuse for Defendant's failure to appear, as will be discussed later herein.

ISSUES RAISED ON APPEAL

Defendant filed a timely 1925(b) Statement which lists eight matters, fully quoted below:

"1.     This Honorable Court erred in rendering a Non-Jury Verdict due to its failure to consider the factors enumerated by the Superior Court in determining whether an action should be dismissed for failure to appear for an Arbitration hearing.

"2.     This Honorable Court erred in not vacating the Verdict and remanding the case for a new Hearing due to the Notice of Hearing Date failing to comply with Allegheny County Local Rule 1302.

"3.     This Honorable Court erred in failing to vacate the Verdict and remand the case for a new Hearing as the Court had no basis for an award of damages under 42 Pa. C.S §8371.

---

[1] The original in the Court papers has a complete and legible stamped date of hearing. However, we assumed the stamp on Defendant's copy was indeed incomplete and contained only an undescribed, but clearly printed, date.

2

2. Whether principles of fundamental fairness and the interest of justice were violated, i.e. whether prejudice (here, to the Plaintiff) and the consideration of "lesser sanctions" are relevant concepts in the context of Rules 1303 and 218, absent an initial finding that a satisfactory excuse was indeed proffered.

3. Whether there was clear and convincing evidence to warrant the imposition of bad faith damages, and if so, whether correcting the maximum judgment amount, which we now admit is $25,000, requires that there be a new hearing or trial.

DISCUSSION

1. *The hearing properly proceeded in Defendant's absence since the record and Defendant's Motion demonstrate that its counsel had sufficient notice of the date and merely failed to note it in his calendar.*

We reviewed Defendant's Motion for Post-Trial Relief and concluded that Counsel's excuses for his non-appearance were unsatisfactory and did not warrant granting Defendant a new arbitration hearing. We properly concluded that it was counsel's own negligence that caused him not to note the date. It is well settled that negligence of counsel is not a basis for granting a new trial. To the extent that this is a matter for the Court's discretion, there has been no abuse of that discretion.

According to Defendant's Motion, the law firm representing Defendant has a well-established local practice. It is clearly not a new practice nor an out-of-town practice, which might be unaware of our Local Rules and custom. Counsel states he has been in practice here for

4

a long time and has never before missed a hearing. In addition, Defendant itself is not an unsophisticated private individual encountering our legal system or the Arbitration Section for the first time.

There were several indicators which should have alerted counsel of the hearing date:

(1) The Local Rules as well as local custom provide that the hearing date is assigned when an arbitration complaint is filed; a simple glance at the Defendant's copy of the cover sheet reveals a clearly stamped date; if that glance did not convey the fact that it was probably the hearing date, a search of the easily accessible electronic docket for the "missing" date would have disclosed the date.

(2) The electronic docket itself contains the hearing date, so any perusal of it for other reasons would have revealed the hearing date.

(3) Defendant had filed its Answer to the complaint, an indication that it was aware that there would be a hearing before a Board of Arbitrators at some time and was on notice that it should find out what hearing date had been assigned;

(4) The hearing date was advertised in the Pittsburgh Legal Journal, which has always been regarded as adequate notice to attorneys of an upcoming hearing or trial.

Despite all the above indicators, Defendant places the blame for the failure to attend on Plaintiff's counsel and the Court, asserting, in effect, that the Local Rules, policies and customs of the Civil Division of the Court of Common Pleas for the Fifth Judicial District improperly ignore the factors set forth by our appellate courts.

5

*2. Prejudice to the Plaintiff and the "consideration of lesser sanctions" only apply if there is first a satisfactory excuse for the Defendant's failure to appear at the Arbitration hearing.*

If Defendant had had a *satisfactory* excuse for not appearing, we would then have to look at the prejudice to the Plaintiff caused by requiring him to attend a new hearing or trial. However, to give meaning to Local Rule 1303, we should not consider such prejudice if the non-appearing party's excuse is unsatisfactory, as here. As for the "consideration of lesser sanctions," that, too, logically can only make sense if a satisfactory excuse is first proffered. We do not view conducting a trial after due notice to the absent party as a "sanction." Rather, it is an inevitable consequence of non-appearance or non-responsiveness that attorneys must take care to avoid and which even *pro se* litigants are subject to.

In accordance with Local Rule 1303 and local custom, the case at issue was assigned to the Motions Court Judge sitting on the day of the arbitration hearing. Defendant's counsel complains that neither the judge nor opposing counsel gave him the courtesy of a call to remind him he had not appeared. This is all said to violate principles of fundamental fairness and the interest of justice.

Defendant relies on Williams v. School District of Philadelphia, 870 A.2d 414 (Pa. Cmwth. 2005) which was based on a case in the Pennsylvania Superior Court, Shin v. Brenan, 764 A.2d 6009 (Pa. Super. 2000). Neither Williams nor Shin nor any Rule of Court requires that a non-appearing party be given a telephone reminder in the circumstances here. The applicable concept is *notice*, not a courtesy call. Furthermore, requiring that the *Court* make courtesy calls, which would then have to be made to *all* parties who do not show up for an arbitration hearing, would put an undue burden on the clerks who run the Arbitration Section.

6

The 1981 Explanatory Comment to Rule 1303 makes it clear that it is up to opposing counsel to decide whether or not to ask the court to continue the matter. There is no mandate at all for a courtesy call. Furthermore, in light of the 1998 Explanatory Comment regarding the addition of sub-paragraph (a)(2), encouraging such an extension of professional courtesy might very well undermine the purpose of that provision. That Comment is fully quoted below:

EXPLANATORY COMMENT -- 1998

If at a hearing before a board of arbitrators one party was ready and the other was not, Rule of Civil Procedure 1303 previously provided for the arbitration to proceed and an award to be made unless the court ordered a continuance. Under this rule, some courts experienced the problem of a party failing to appear for the arbitration hearing and then appealing for a trial de novo before the court.

Rule 1303 has been amended to provide an additional alternative in such a circumstance and allow a court of common pleas by local rule to provide that the court may hear the case if the notice of hearing so advised the parties and all parties present agree. If the court hears the matter, then the parties will have had their trial in the court of common pleas. Relief from the decision of the court will be by motion for post-trial relief following the entry of a nonsuit or a decision of the court or by petition to open a judgment of non pros. Relief from the action of the trial court will be by appeal to an appellate court. As the new notice advises, there will be "no right to a *de novo* trial on appeal from a decision entered by a judge.

7

Rule 218 governs the instance when a party is not ready when a case is called for trial. The note to subdivision (c) prior to its amendment referred to the right of a plaintiff to seek relief from the entry of a nonsuit or a judgment of non pros but omitted any reference to a defendant seeking relief from the decision of the court following a trial. A new paragraph has been added to the note calling attention to the defendant's right to file a motion for post-trial relief "on the ground of a satisfactory excuse for the defendant's failure to appear." [That new paragraph is Rule 218(c): *"A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse."*]

A post-trial motion based on an excuse for the defendant's failure to appear must first allege facts that, if true, make out a *satisfactory* excuse, so as to rebut the presumption created by 218(c). Here the only excuse, negligence, is not satisfactory, especially given the law involving published notice in the Legal Journal.

3. *We confess error as to the maximum amount awardable in the circumstances here; however the imposition of the correct but lower maximum was supported by clear and convincing evidence.*

Counsel for both parties agree that our Local Rule 1303 (a)(2)(2) limits a non-jury award to $25,000. We agree that this aspect of Defendant's Post-Trial Motion should have been granted and the judgment amount should have been reduced to $25,000. However, making this correction does not require a new trial.

As for the contention that the evidence doesn't support the verdict, especially as to bad faith damages, we note that the non-jury trial held before the undersigned pursuant to Pa.R.C.P. 1303 is of record in an 8-page Transcript. Defendant contends that the trial was only one minute long, apparently because the time noted in the transcript at the start of the trial is the same noted eight pages later at the end, 10:45 a.m. We cannot account for the time notations but we highly doubt that all present spoke fast enough to produce eight pages in one minute.

The transcript reveals clear and convincing evidence of Defendant's bad faith conduct regarding Plaintiff's insurance claim. The Plaintiff met his burden. It must be kept in mind that the evidence was uncontroverted and was found by the undersigned, as fact finder, to be credible and compelling. We were impressed not only by the summary of Defendant's conduct but also by Plaintiff's demeanor and statements during and after the summary. No one needs the kind of aggravation Defendant put Plaintiff through.

CONCLUSION

We did not abuse our discretion by finding that simple steps could have and should have revealed the date of the impending arbitration hearing to defense counsel at any time, and that in any case counsel had sufficient notice when the hearing date was published in the Legal Journal. The ruling here does not "shock the conscience" or violate principles of justice. Rather, it was based on well-settled principles regarding when a party's failure to appear does or does not warrant entry of a verdict against it. Those principles should not be violated and our court's usual practices and policies ignored simply for the purpose of benefiting one attorney or one client merely because they are usually diligent.

9

Neither the Court's procedures nor Plaintiff's counsel's typographical errors in the Hearing Notice were of such magnitude that we should have ruled they were the cause of Defendant's failure to attend the hearing. We applied Rules 1303 and 218 appropriately and this appeal is without merit. The judgment amount should be modified to $25,000 and otherwise affirmed.

By the Court

Date: 24 February 2015

Friedman, J.

10